UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN PAUL SIMS                                        CIVIL ACTION

VERSUS                                                    NUMBER: 04-3298

CITY OF SLIDELL, ET AL.                                   SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 case for an alleged use of excessive force was filed in forma pauperis by pro se plaintiff, Jonathan Paul Sims, against defendants, the City of Slidell, the Slidell Police Department, the Slidell Memorial Hospital, Officers Kevin Dupuy, John Gallaher, Char Montgomery, Robert Chadwick, Jeffrey Kahrs, David Lentz, Keith McQueen, and Donald Nunez of the Slidell Police Department as well as Dr. Archie Tatford (Rec. docs. 1, 6, 8).

At the time that he originally filed suit, plaintiff was incarcerated at the St. Tammany Parish Jail, Covington, Louisiana. (Rec, doc. 1). Since that time, plaintiff has been transferred on four occasions, most recently being sent to the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana. (Rec. doc. 34). On June 22, 2007, a piece of mail that was sent to plaintiff at his most recent address of record was returned as undeliverable with a notation that plaintiff was no longer housed at EHCC. (Rec. doc. 40). A second piece of mail sent to plaintiff at EHCC has also been returned to the Clerk's Office as undeliverable. (Rec. doc. 41). It has now been over thirty days since that first piece of undeliverable mail was returned to the Court.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985) (table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 24th day of July, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE